

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-25-00377-CR

Billy Joel **GRAHAM**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 81st Judicial District Court, Atascosa County, Texas
Trial Court No. 24-04-0115-CRA
Honorable Jennifer Dillingham, Judge Presiding

Opinion by:    Velia J. Meza, Justice

Sitting:        Rebeca C. Martinez, Chief Justice
                Lori Massey Brissette, Justice
                Velia J. Meza, Justice

Delivered and Filed: August 5, 2026

AFFIRMED

Billy Joel Graham appeals his conviction for aggravated assault causing serious bodily injury. Graham argues that the evidence is legally insufficient to support his conviction. Because we conclude that the evidence is legally sufficient to support his conviction, we affirm.

## BACKGROUND

In the early morning of January 13, 2024, an argument arose between Graham and his estranged wife, Bianca.[1] This argument escalated until Graham pushed Bianca, resulting in a fractured ankle.

On April 12, 2025, a grand jury indicted Graham for aggravated assault causing serious bodily injury, a second-degree felony. TEX. PENAL CODE § 22.02(a)(1). A one-day bench trial commenced on March 28, 2025. At its conclusion, the trial court found Graham guilty, and on May 16, 2026, sentenced him to 16 years' confinement in the Texas Department of Criminal Justice Institutional Division. This appeal followed.

## DISCUSSION

On appeal, Graham argues that the evidence is legally insufficient to support his conviction. Specifically, Graham contends that the State failed to establish that Bianca's injury constituted serious bodily injury. We disagree.

1.  Standard of Review

Under *Jackson v. Virginia*, we review "the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt." *Carrizales v. State*, 414 S.W.3d 737, 742 (Tex. Crim. App. 2013) (citing *Jackson*, 443 U.S. 307, 319 (1979)). Direct evidence is not necessary to prove the defendant's guilt; instead, circumstantial evidence alone can be sufficient to establish guilt and is just as probative as direct evidence. *Id.* Because this standard recognizes the trier of fact as the sole judge of the weight and credibility of the evidence, we determine whether their drawn

---

[1] We refer to the victim by her first name.

inferences are reasonable based on the cumulative force of all of the evidence. *Adames v. State*, 353 S.W.3d 854, 860 (Tex. Crim. App. 2011).

In this case, the State was required to prove beyond a reasonable doubt that Graham (1) intentionally, knowingly, or recklessly (2) caused serious bodily injury to Bianca. Serious bodily injury is defined as "bodily injury that creates a substantial risk of death or that causes death, serious permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." TEX. PENAL CODE § 1.07(46). No wound constitutes serious bodily injury *per se*. Whether a wound is serious enough is a fact question resolved on a case-by-case basis. *Wade v. State*, 663 S.W.3d 175, 183–84 (Tex. Crim. App. 2022).

2. The Evidence is Legally Sufficient

At trial, the State offered evidence establishing that on the night of the incident, Bianca visited Graham's residence after a night of drinking with her friends and sister, Lorayna Soliz. She and Graham were in a heated argument, which reached its flashpoint when Graham utilized both hands to push Bianca. Bianca fell off Graham's porch—which was raised roughly two feet above ground level—and broke her ankle.

Bianca testified that Soliz and Graham took her to the hospital in Jourdanton; however, she was transferred to San Antonio for emergency surgery. According to her medical records, Bianca was diagnosed with a grade I open fracture. Although there were no photos or expert testimony describing the injury, Graham stated during his custodial interrogation that "whenever [he] was in the hospital and they were taking [Bianca's] boot off" to assess her injury he noticed "it kind of like poking out" and that seeing "it f—ked [him] up" and he "almost [] threw up."

When asked about the extent of her ankle injury, she was not "exactly sure if [the surgeons] were able to put [her] ankle back together because of how bad the fracture was." However, she

knew that "a metal plate with six screws" was attached "just to hold [her ankle] in place." She stated that "[t]he main bone would never heal" and at the time of trial "there[ was] still a fracture" which "cause[d] a lot of nerve damage." As a result, Bianca's ankle became "stiff," causing her to limp and making it "difficult to walk." Due to the nerve damage, she now experiences numbness in her leg which can cause her to fall.

Viewing the evidence in the light most favorable to the judgment, we conclude that a rational trier of fact could have found Bianca's injury was serious enough to constitute a serious bodily injury. *Carrizales*, 414 S.W.3d at 742. The record shows she suffered an open fracture requiring emergency surgery, a metal plate and six screws to hold the bone in place, a main bone that will never fully heal, ongoing nerve damage, and a permanent limp. This evidence shows protracted loss or impairment of the function of her ankle. *See* TEX. PENAL CODE § 1.07(46) (defining "serious bodily injury" to include an injury that causes "protracted loss or impairment of the function of any bodily member"); *see also Allen v. State*, 736 S.W.2d 225, 227 (Tex. App.—Corpus Christi–Edinburg 1987, pet. ref'd) (holding that a broken finger which "still had some disfunction . . . and was a little stiff" three-and-a-half months after the incident constituted serious bodily injury).

Graham argues that the parties and trial court should have used the term "serious bodily injury" during trial. He cites no authority for this proposition, and we are aware of none. We decline to adopt it. Graham also argues that expert testimony was required to establish that Bianca's injury rose to the level of "serious bodily injury." The Court of Criminal Appeals has rejected any such requirement. *Garcia v. State*, 667 S.W.3d 756, 763 (Tex. Crim. App. 2023).

Finally, Graham contends that the poor medical care Bianca received—rather than his actions—caused the protracted loss or impairment of her ankle. A defendant remains criminally

responsible despite a concurrent cause unless that cause alone was "clearly sufficient to produce the result" and the defendant's conduct was clearly insufficient." TEX. PENAL CODE § 6.04(a). Even if we assume that Bianca's poor medical treatment contributed in some manner to her injury, the evidence does not establish that the medical treatment, standing alone, was clearly sufficient to cause her injury and that Graham's conduct was clearly insufficient to do so.

Graham's sole issue on appeal is overruled.

## CONCLUSION

Accordingly, we affirm the trial court's judgment

Velia J. Meza, Justice

DO NOT PUBLISH